No. 3562.—THOMAS D. MILLER v. MARMICHE and Wife.

A power of attorney which gives the agent the authority "to cite and appear," must be construed as conferring upon the agent the power to prosecute and defend suits which may be brought by or against his principal. A sale of property under a judicial proceeding carried on contradictorily with the agent who holds such a power of attorney is not therefore void for want of authority in the agent to represent his principal in the litigation.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Th. Marsoudet*, for plaintiff and appellee. *Saucier & Michinard*, for defendants and appellants.

TALIAFERRO, J. The controversy here presented grows out of an effort on the part of the plaintiff to compel one Dechamps, a purchaser of certain property belonging to defendants, and which was mortgaged to plaintiff and sold under an order of seizure and sale, to pay the price of adjudication.

The property was adjudicated to Dechamps, who paid $2566 67 in cash, being one-third of the sum bid, but he refused to comply with the other terms of sale by executing his notes for the payment of the remainder, alleging in his answer to the rule taken against him that the proceedings under which the order of seizure and sale issued are null and void, and the sale conferred no valid title to him of the property; that the nullity arises from the fact that the defendants against whom this order of seizure and sale was obtained are absentees,

and that the proceedings were not carried on contradictorily with them; that no person legally authorized to represent the defendants in the defense of the suit against them appeared on their behalf. The rule was made absolute, and the defendants in rule ordered to comply fully with the terms of sale. From this judgment the defendants appealed, and pray that the judgment of the lower court be reversed and the sheriff ordered to restore the sum paid him as the cash part of the price bid for the property.

The only question presented is, had Ducros, the attorney in fact of the defendants, then absentees, authority to represent them in suits brought against them? This we think must be answered affirmatively. Various powers are conferred by the mandate, both general and special. He is authorized "Citer à comparaitre devant tous juges et tribunaux competents, traiter, transiger, compromettre, se concilier, obtenir tous jugements," etc. The authority to cite and to appear seem sufficiently to indicate the purpose of the principal to confer upon his agent the power both to prosecute suits against his debtors and to defend suits that might be brought against himself. The terms used in clothing the mandatary with authority are comprehensive and explicit. The expression *comparaitre*, in this connection, forcibly conveys the idea of appearing in courts for the purpose of defending suits. The case of Fincher *v.* Robin, 4 An. 61, is not in point.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.